IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHESTER CLYDE McKINLEY, #281055, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:14-CV-301-MEF |
| | ) | [WO] |
| | ) | |
| RUBY CARTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause of action is pending before the court on a 42 U.S.C. § 1983 a complaint filed by Chester Clyde McKinely ["McKinley"], an indigent state inmate presently incarcerated at the Bullock Correctional Facility ["Bullock"].  Specifically, McKinley challenges his removal from a dorm with access to an electrical outlet for use of his C-PAP machine and complains that he is subjected to second-hand smoke while in the dorm at Bullock.

In his complaint, McKinley seeks issuance of a preliminary injunction requiring that the defendants transfer him to a smoke-free dormitory that provides him access to an electrical outlet for use with his C-PAP machine.  *Doc. No 1* at 15.  On April 25, 2014, the court entered an order requiring that the defendants show cause why McKinley's motion for preliminary injunction should not be granted.  *Doc. No. 4.*  The defendants filed a response

to this order, supported by relevant evidentiary materials, in which they assert that McKinley has received all relief to which he is entitled via his motion.  *Doc. No. 13.*

Upon review of the motion for preliminary injunction and the response filed by the defendants, the court concludes that the plaintiff's motion for preliminary injunction is due to be denied.

## II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...."  *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).  This court may grant a preliminary injunction only if McKinley demonstrates each of the following prerequisites:  (1) a  substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest.  *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306  *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites."  *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175,

179 (5ᵗʰ Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements.  *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11ᵗʰ Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11ᵗʰ Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").  "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.'  *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11ᵗʰ  Cir.1990)."  *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11ᵗʰ Cir. 2001).

## III.  DISCUSSION

The evidentiary materials submitted by the defendants in support of their response establish that McKinley is now housed in a dorm with access to an electrical outlet for operation of his C-PAP machine.  The defendants further argue that smoking is not allowed within any dorm at Bullock as smoking within the facility is a violation of Administrative Rules and Regulations.[1]  Turning to the prerequisites for issuance of preliminary injunctive relief, the court finds that under the current facts McKinley cannot establish a substantial

---

[1]Correctional officials monitor the dorms to ensure that inmates abide by the no smoking rule but, as with any other rule, inmates may chose to violate the rule.

threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction.  In light of the foregoing, the court concludes that issuance of a preliminary injunction is not warranted at this time.

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for preliminary injunction filed by the plaintiff be DENIED.

2.  This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that **on or before May 29, 2014**, the parties may file objections to the Recommendation.   Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are further advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.  Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to

4

September 30, 1981.

Done this 15th day of May, 2014.

_____/s/Charles S. Coody_____

CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE