IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHESTER CLYDE McKINLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-CV-301-WHA |
| | ) | |
| RUBY CARTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Chester Clyde McKinley ("McKinley"), a former state inmate, alleging deliberate indifference by correctional officials regarding the ability to operate his C-PAP machine after he had been disciplined for using the machine to conceal/charge a cell phone.

Based on a review of the file and under the circumstances of this case, the court issued an order directing McKinley to "advise the court of whether he seeks to proceed in this cause of action." *Order of September 16, 2016 - Doc. No. 54.* McKinley was specifically advised that his failure to respond to this order would result in the dismissal of this case. *Id.* The time allotted McKinley for filing a response in compliance with the directives of this order expired on September 29, 2016. *Id.* As of the present date, McKinley has filed no response to the order. The court therefore concludes that this case is due to be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the

appropriate course of action at this time. Initially, the court notes that this case cannot properly proceed absent participation by McKinley. In addition, McKinley is an indigent individual and, therefore, the imposition of monetary or other punitive sanctions against him would be ineffectual. Finally, the court finds that any additional effort to secure McKinley's compliance would be unavailing and a waste of this court's limited judicial resources. Consequently, the court concludes that the plaintiff's failure to comply with the orders of this court warrants dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to comply with the orders of this court. It is further

ORDERED that on or before October 20, 2016 the parties may file objections to the Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th

Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 6th day of October, 2016

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE